IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ACTION TAPES, INC. d/b/a GREAT NOTIONS a/k/a AMAZING DESIGNS, <br><br>Plaintiff, <br><br>v. <br><br>VICTORIA WEAVER, <br><br>Defendant. | * <br> * <br> * <br> * <br> * <br> * Civil No. 3:05-CV-1693-H <br> * <br> * <br> * <br> * |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss and, Alternatively, to Transfer Venue, with supporting brief, filed October 3, 2005; and Plaintiff's Response, filed October 24, 2005. For the reasons that follow, Defendant's motion is granted.

### I.  BACKGROUND

This case is brought by Plaintiff Action Tapes, Inc., against Defendant Victoria Weaver for copyright infringement and related causes of action.[1]  *See* 15 U.S.C. § 1051 *et seq*. ["Lanham Act"]; 15 U.S.C. § 1125; 17 U.S.C. § 101.  Plaintiff Action Tapes, Inc., is a Texas corporation alleging ownership of copyrights to more than 25,000 embroidery designs.  Plaintiff claims that Weaver, an individual residing in Missouri, sold infringing embroidery designs over the Internet auction house eBay.  *See* Plf's Resp. at 4 ("Defendant conducted numerous auctions at the eBay auction

---

[1] This case is one of approximately 48 similar cases filed by Plaintiff in the Northern District of Texas over the past several years.  A high percentage of these cases have resulted in default judgment, in typical amounts of about $300,000 (plus $20,000 attorney's fees).

marketplace.")  In Defendant's initial responsive pleading now before the Court, she moves to dismiss the action for improper venue.  *See* FED. R. CIV. P. 12(b)(3).  Alternatively, Defendant asks the Court in the interests of justice to transfer venue to the Eastern District of Missouri.  *See* 28 U.S.C. § 1404(a).  Because the Court agrees with Defendant on her first ground for dismissal, the remainder of her motion is not addressed.

## II.  STANDARD & ANALYSIS

For an action "laying venue in the wrong division or district," the district court is required to dismiss the case or, if it is in the interests of justice, transfer it to a district or division in which it could have been brought.  28 U.S.C. § 1406(a).  Venue for purposes of suit under the Lanham Act is proper only in the district in which the defendant resides or may be "found."  28 U.S.C. § 1400(a) (2005).  It has been widely held that the district in which a Lanham Act defendant may be "found" is coextensive with a court's jurisdictional reach over the defendant's person.  *See, e.g.*, *Palmer v. Braun*, 376 F.3d 1254, 1259-60 (11th Cir. 2004); *Store Decor Div. of Jas Intern'l, Inc. v. Stylex Worldwide Indus., Ltd.,* 767 F. Supp. 181, 185 (N.D. Ill. 1991); *Mode Art Jewelers Co. v. Expansion Jewelry Ltd.*, 409 F. Supp. 921, 923 (S.D.N.Y. 1976).   In this case, it is undisputed that Defendant resides in Missouri.  Accordingly, the question becomes whether she may be haled into court in the Northern District of Texas.

The Due Process Clause of the Fourteenth Amendment permits a court to exercise personal jurisdiction over an out-of-state defendant when 1) the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with that state; and 2) the exercise of jurisdiction over that defendant "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see Mink v. AAAA*

*Dev. LLC*, 190 F.3d 333, 336 (5th Cir.1999) (noting that because Texas's long-arm statute is coextensive with requirements of the 14th Amendment, the personal jurisdiction analysis may be collapsed into a due process inquiry). Tacitly acceding the lack of "general" personal jurisdiction in this case, Plaintiff argues "specific" personal jurisdiction. An assertion of specific jurisdiction meets the *International Shoe* requirements only if the out-of-state defendant has "purposefully directed" his or her activities at residents of the forum, and if the plaintiff's claims "arise out of or relate to" those activities. *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985) ("[T]he foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.") (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)). Contacts that are isolated or sporadic may support specific jurisdiction if a substantial connection with the forum state is created. *Id*. The contacts, however, must be more than "random, fortuitous, or attenuated." *Id.* at 475-76 & n.18 (internal quotations omitted).

In this case, Plaintiff complains that Defendant sold infringing embroidery patterns by auctioning them on the Internet auction website eBay (www.ebay.com).[2] Plaintiff alleges the following jurisdictional facts by affidavit: that Plaintiff's representative Thomas Casbon accessed

---

[2] The usual eBay auction process is, after almost a decade in existence, now a matter of common knowledge of which the Court takes judicial notice. *See Fox v. West Palm Beach*, 383 F.2d 189, 194 (5th Cir. 1967) ("The most frequent application of the judicial notice doctrine is common knowledge.") A seller advertises an item on the eBay interface, using a template. The seller establishes a minimum initial bid and a deadline for the item's auction to end. Buyers may then bid for the item through the eBay interface, which for each item posts the current bid and the time remaining. At the expiration of the auction period, the highest bidder wins the item. EBay puts the seller and winning buyer in contact by email to arrange payment and shipping. To the extent that Plaintiff's affidavit attempts to mischaracterize this usual online auction process, the affidavit is rejected.

3

eBay from a computer in Plaintiff's offices in Dallas County, Texas; that on that website Casbon purchased a CD from Defendant containing infringing embroidery designs; that after the auction Defendant sent Casbon an email invoice while aware that Casbon had a Texas address; that Casbon paid for the CD with PayPal (www.paypal.com) via a Dallas checking account; and that Defendant shipped a packing slip and CD to the Dallas County address, where Casbon received it.

Defendant responds with evidence by affidavit that she is an individual who resides in the Eastern District of Missouri, where she has a total household income of about $2400 per month and practices embroidery as a hobby; that she has never set foot in Texas; that her sole contact with anyone in the state has been through the eBay auction website; that defending this case in Texas would represent a significant hardship; that her eBay sales of embroidery patterns have totaled about $7,000, of which only $104 were to an address in the Dallas-Fort Worth area, constituting 1.5% of her sales since she began selling patterns to supplement her income in May 2005; and that she paid eBay a small fee for the privilege of participating in its auctions.

Plaintiff argues that the *Zippo* "sliding scale" of online interactivity should be followed to determine personal jurisdiction in this case. *See Mink v. AAAA Dev't LLC*, 190 F.3d at 336 (adopting the standard); *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). Under the *Zippo* scale, proper exercise of personal jurisdiction in a claim involving Internet contact is directly proportional to the commercial interactivity of the website over which the contact is made. *See Mink v. AAAA Dev't LLC*, 190 F.3d at 336.  It is well-settled that eBay is a fully interactive commercial website.  *See, e.g.*, *Gentry v. eBay, Inc.*, 99 Cal. App. 4th 816, 831 & n. 7 (2002). However, this lawsuit is not against eBay, but rather against an eBay customer.  The *Zippo* standard has been applied by this Circuit only to defendants who own or exercise control over the sites in

4

question.  *See, e.g.*, *Mink v. AAAA Dev't LLC*, 190 F.3d at 336; *see also McGuire v. Lavoie,* 2003 WL 23174753, *3 (N.D. Tex. 2003) (Ramirez, Magistrate J.) ("Because the majority of cases applying the *Zippo* test involve a defendant's conduct over its own website, its application to an internet auction site is questionable."); *see generally Shamsuddin v. Vitamin Research Prods*, 346 F. Supp. 2d 804, 808-13 (D. Md. 2004) (discussing the *Zippo* standard).  This Court declines to extend the *Zippo* sliding scale to customers who make use of the interactive commercial sites for which the standard was developed.  Nothing in Plaintiff's evidence asserts that Defendant sold the allegedly infringing item through her own website or domain.  The sellers and buyers who connect through eBay cannot be said themselves to control eBay's degree of commercial interactivity any more than a buyer and seller at Sotheby's can be said to be responsible for the premises or to control the auctioneer.  Accordingly, the "sliding scale" standard is not applicable in this case.

      Courts that have looked at the question of personal jurisdiction based on eBay transactions have uniformly held that the usual online auction process does not rise to the level of purposeful conduct required to assert specific jurisdiction.  *E.g.*, *United Cutlery Corp. v. NFZ, Inc.*, 2003 WL 22851946, *2-5 (D. Md. 2003);  *Machulsky v. Hall*, 210 F. Supp. 2d 531, 544-45 (D.N.J. 2002); *Winfield Collection, Ltd. v. McCauley*, 105 F. Supp. 2d 746, 749 (E.D. Mich. 2000); *cf. McGuire v. Lavoie,* 2003 WL 23174753 at *5 (finding personal jurisdiction in a contract case because the eBay seller stopped the auction before its conclusion and entered into a direct and repeated traditional sales relationship with a known buyer).  In *Winfield Collection*, a case very similar to the one now before the Court, the plaintiff brought a copyright infringement action against a defendant for selling craft patterns on eBay.  105 F. Supp. at 749  (declining to apply the *Zippo* standard).  In refusing to assert jurisdiction over the defendant, the court took judicial notice that the purpose of an auction is to

5

award property to the highest bidder and that the seller has no control to determine who the highest bidder will be. *Id.* For that reason, the *Winfield* court found that the defendant had not "purposefully availed herself" of the privilege of doing business in Michigan, the state in which the plaintiff had brought suit. *Id.*

Citing *Winfield*, a Maryland district court observed that its defendant eBay customer exercised no authority over eBay and exercised no direction over the audience to which advertisements are disseminated. *See United Cutlery*, 2003 WL 22851946 at *4. Given the lack of such control, the court found that the defendant manifested no intent to target the lawsuit forum, but rather only to sell to the highest bidder, regardless of identity or location. *Id.*; *accord Machulsky v. Hall*, 210 F. Supp.2d 531, 540-45 (D.N.J. 2002) (holding eBay auction transactions to be insufficient to establish personal jurisdiction).

In this case, Plaintiff does not assert that the usual online auction procedure was in any way circumvented. Nothing about the facts here differs significantly from the cases discussed above. The contact is the exact type of "random, fortuitous, and attenuated" event that the *Burger King* Court intended to exclude from jurisdictional reach. *See Burger King Corp. v. Rudzewicz*, 471 U.S. at 475. It is random in the method of initiating the sale; fortuitous in determining the buyer's identity; and, in this case, attenuated in degree. This Court therefore adopts the reasoning of the *Winfield* and *United Cutlery* courts to hold that, absent other factors, an individual is not made subject to personal jurisdiction in the Northern District of Texas for alleged copyright infringement by virtue of an eBay auction transaction conducted with a Dallas resident. Venue for Plaintiff's Lanham Act claim is improper in this district under the facts of this case, and personal jurisdiction over Defendant is similarly lacking.

III.  CONCLUSION

For the reasons given above, Defendant's motion to dismiss is **GRANTED**.  This case is **DISMISSED** for improper venue and lack of personal jurisdiction, **WITHOUT PREJUDICE** to refiling in a proper forum**.**  *See* FED. R. CIV. P. 12(b)(2), 12(b)(3); 28 U.S.C. § 1406(a).

SO ORDERED.

DATED:  November 23, 2005.

_____
BAREFOOT SANDERS, SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS